UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: PROFESSIONAL SATELLITE AND COMMUNICATION, LLC,<br><br>Debtor.<br>_____<br><br>NANCY L. WOLF, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>NAYNA NETWORKS, INC.; THOMAS P. RICHTARICH; and WON-GIL CHOE,<br><br>Defendants. | Civil No. 12cv70 L(MDD)<br><br>Bankruptcy Case No. 07 06614 LA7<br><br>Adversary Action No. 08-90516-LA<br><br>**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE [doc. #1]** |

Defendants Thomas P. Richtarich and Mirang Wonne Choe, successor to defendant Won-Gil Choe, move to withdraw the reference of the Adversary Action filed by the Trustee in the Chapter 7 Bankruptcy proceeding of Professional Satellite and Communication, LLC ("ProSat").

ProSat filed its Chapter 7 bankruptcy action on November 19, 2007. The bankruptcy Trustee filed an adversary complaint against defendants Nayna Networks, Richtarich and Choe. After defendants' motion to dismiss was granted with leave to amend, the Trustee filed a first amended complaint ("FAC").[1] Defendants again moved to dismiss the action but the motion was

---

[1] The FAC is attached as Exhibit C to the Declaration of Timothy S. Blackford in support of the motion to withdraw the reference.

denied and each defendant answered separately on September 30, 2010. After filing its answer to the FAC, counsel for defendant Nayna moved to withdraw. The Bankruptcy Court granted that motion on July 29, 2011. On the record presented, Nayna has not obtained counsel and has not joined in the motion for withdrawal of the reference The individual defendants now move to withdraw the reference from the Bankruptcy Court to the District Court. The motion has been fully briefed.[2]

**I.   Factual Background**

In January 2007, Nayna agreed to purchase all outstanding membership interests in ProSat from ProSat's former members. (FAC ¶¶ 12-14.) With the Purchase Agreement, Nayna took full possession of ProSat in March 2007. (FAC ¶¶ 12, 14.)

In 2004, DIRECTV and ProSat entered into a written Customer Referral Agreement ("CRA Contract") which provided ProSat would sell DIRECTV products on an exclusive basis in return for sales commissions and residuals. (FAC ¶ 10.) Shortly after Nayna acquired ProSat in 2007, DIRECTV terminated the CRA Contract early allegedly causing ProSat's loss of commissions of approximately $600,000. (FAC ¶ 15.)

In August 2007, DIRECTV offered to purchase from ProSat toll free numbers, its website, and related advertising for two million dollars. (FAC ¶ 17.) ProSat's failure to pay its creditors while the transaction with DIRECTV was pending jeopardized the deal according to the Trustee. (FAC ¶ 17.) On August 6, 2007, ProSat informed Nayna that approximately $100,000 was due to a creditor, Imagitas. (FAC ¶ 18.) Instead of paying its creditors, ProSat sent $228,185 to Nayna on August 7, 2007. (FAC ¶ 24.) Because of ProSat's default on its $100,000 payment to Imagita, the agreement with DIRECTV did not occur and ProSat lost approximately two million dollars. (FAC § 26.)

---

[2]   The Court notes that the Trustee's memorandum of points and authorities in opposition to defendants' motion to withdraw the reference was not separately filed in the district court. Instead, the Trustee's opposition appears as Attachment 6 to the motion to withdraw the reference. Although counsel for the Trustee notes that pursuant to Local Bankruptcy Rule 5011-1(A), the Clerk of the bankruptcy court is to transmit the opposition, together with the Trustee/plaintiff's motion to the district court, a separate electronic filing of the Trustee's opposition with the district court should have been made to ensure the docket was complete.

In her Adversary Action, the Trustee brought two fraudulent transfer claims seeking avoidance and recovery of fraudulent transfers against Nayna only for transferring $228,185 of ProSat's funds to itself (FAC ¶¶ 18-24, 28-31.) In addition, the Trustee brought causes of action against the moving defendants, two of Nayna's directors, for breach of fiduciary duty, fraud and negligence. (FAC ¶¶ 28-47.)

**II.   Discussion**

District courts have discretion to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for that district. 28 U.S.C. § 157(a). When a case or proceeding is referred to the bankruptcy judges, the district court may withdraw the reference "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The party seeking withdrawal of the reference bears the burden of showing that the reference should be withdrawn. *Carmel v. Galam* (*In re Larry's Apartment, LLC*), 210 B.R. 469, 472 (Bankr. D. Ariz. 1997). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

"[B]ankruptcy courts may hear and enter final judgments in 'core proceedings' in a bankruptcy case." *Stern v. Marshall*, 131 S. Ct. 2594, 2601–02 (2011). In "non-core proceedings, the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment." *Id.*

"Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right covered by some other body of law, normally state law." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).

Here, defendants Richtarich and Choe argue that the Trustee's claims against them are strictly state law causes of action that do not draw from, arise under, or rely on bankruptcy law and therefore, are non-core proceedings which must be heard in this Court. In other words, like

the *Stern* case, the state law claims at issue in the present action are "in no way derived from or dependent upon bankruptcy law." 131 S. Ct. at 2618.

The Trustee opposed withdrawal of the reference by first contending defendants have consented to the bankruptcy court entering final orders or a judgment on all claims against them because they participated in ProSat's Chapter 7 proceedings. This argument is without merit. Merely participating in meetings of creditors, the filing of objection concerning approval to sell assets, or moving for a protective order does not in any manner suggest consent to the bankruptcy court entering final orders on non-core proceedings.

Second, the Trustee contends that the motion to withdraw the reference is untimely. It is not. Such a motion is "timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3. Given the timing of the *Stern* decision, the Court finds no basis to suggest that the motion for withdrawal of the reference was not promptly made.

Finally, the Trustee acknowledges that standing alone, her claims for breach of fiduciary duty, fraud and negligence would not be core proceeding. But the Adversary Action alleging two fraudulent transfer claims seeking avoidance and recovery of fraudulent transfers against Nayna is a core proceeding as these claims concern the administration of the estate; would determine, avoid or recover fraudulent conveyances; or affect the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. Opp. at 8 (citing 11 U.S.C. §157(b)(2)(H)). Thus, according to the Trustee, the claims against the moving defendants arise, at least in part, "out of their conduct first in making the fraudulent transfer and then in attempting to cover it up." *Id.* However, the Trustee has not cited any legal authority that supports the proposition that merely referencing acts that arise in the context of core claims can transform non-core claims into claims that the Bankruptcy Court can enter final judgment on under *Stern*.

It is clear that under § 157(c)(1), bankruptcy judges may "hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." In such a proceeding, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment must be entered by the district judge after considering the

bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1).

In the present case, the bankruptcy court cannot enter final judgment on the Trustee's claims against the moving defendants for breach of fiduciary duty, fraud and negligence as these are non-core claims. Nevertheless, the Court must determine whether it is required to withdraw the reference, or, if not required, it should exercise its discretion to do so.

The presence of non-core claims will ultimately need to be withdrawn but a district court may exercise its discretion to not withdraw the reference immediately where the bankruptcy court already is familiar with the relevant facts and issues. *See e.g., In re Creekside Vineyards, Inc.*, 2009 WL 3378989, at *3–4 (E.D. Cal. Oct.19, 2009). That is why the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters even when non-core claims are asserted. *In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007)("Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out."). Thus, if the Court declines to withdraw the reference over the non-core claims asserted here, the bankruptcy court will be required to provide proposed findings of fact and conclusions of law for review by the district court.

The Ninth Circuit has set forth factors to consider in determining whether to exercise its discretion and withdraw the reference: (1) efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5) other related factors. *Sec. Farms v. Int'l. Bhd. of Teamsters* (*In re Security Farms*), 124 F.3d 999, 1008 (9th Cir. 1997).

Here, the bankruptcy court has been handling ProSat's Chapter 7 Petition since November 19, 2007, and the Adversary Proceeding since November 12, 2009. The bankruptcy court has decided multiple pretrial motions in the Adversary Proceeding, including a motion to vacate a default judgment and two dismissal motions. A Scheduling Order has also been entered. Judicial efficiency and uniformity will be promoted by allowing the bankruptcy court, which is already quite familiar with the Adversary Proceeding, to manage the proceedings until the case becomes ready for trial.

Based on the foregoing, the Court finds that it is more judicially efficient for the bankruptcy court to continue the oversee the Adversary Action in this matter and therefore, defendants' motion to withdraw the reference is **DENIED.** The Clerk of the Court is directed to return this case to the bankruptcy court.

**IT IS SO ORDERED**.

DATED: December 3, 2012

_M. James Lorenz_
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL